IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**COLUMBIA GAS TRANSMISSION, L.L.C.,**

    Plaintiff,

v.                                                                                 Civil Action No. 2:12-CV-39
                                                                                (BAILEY)

**ROBERT BORROR LOGGING, L.L.C.,
CHARLES FULL, LOY ISAAC FULL,
NANCY FULL, and JAMES COLLINS,**

    Defendants.

## ORDER

On June 14, 2012, this Court held a hearing on plaintiff Columbia Gas Transmission, L.L.C.'s ("Columbia") Motion for Preliminary and Permanent Injunction [Doc. 4], filed June 5, 2012. Columbia was present by counsel Wayne W. Ringeisen and Luke Liben. Defendant Robert Borror Logging, L.L.C. ("Borror Logging") was present by Robert Borror *pro se*. Defendants Charles Full, Loy Isaac Full, Nancy Full (the "Fulls"), and James Collins were not present.

As an initial matter, this Court found that while adequate notice had been given to Borror Logging, the remaining defendants had not received sufficient notice for the issuance of a preliminary injunction under Federal Rule 65(a) of Civil Procedure. The Court then called upon Columbia to present its case for a preliminary injunction.

Thereupon, Columbia elicited testimony from Gerard Sciabbarrassi, a senior land agent for Columbia who also completed an affidavit filed as an exhibit to the Complaint [Doc. 1]. Sciabbarrassi first laid the foundation for three Rights of Way that the Fulls family

1

granted Columbia's predecessor in 1948, 1955, and 1968.  Specifically, these Rights of Way, admitted into evidence as Plaintiff's Exhibits Nos. 1-3, granted Columbia "the right to lay, maintain, operate and remove a pipe line for the transportation of gas" as well as "the right of ingress and egress to and from" the Full Property, located in Upper Tract, Pendleton County, West Virginia.  Sciabbarrassi next testified that, pursuant to these Rights of Way, Columbia laid three 800 p.s.i. steel transmission pipelines underground on the Full Property. According to Sciabbarrassi, these pipelines are known as: (1) the WB Pipeline (26 inches in diameter), (2) the WB-Loop Pipeline (26 inches in diameter), and (3) the WB-5 Pipeline (36 inches in diameter).

Turning to the facts relevant to Columbia's Motion, Sciabbarrassi testified that in the summer of 2011, Borror Logging submitted a request to Columbia for permission to cross the Rights of Way for logging purposes on behalf of the Fulls.  Sciabbarrassi then laid the foundation for an August 12, 2011, Equipment Crossing Data Sheet and a March 16, 2012, Equipment Crossing Right of Way Data Sheet, which were admitted into evidence as Plaintiff's Exhibit No. 4.  These documents contain descriptions of the equipment Borror Logging envisioned using for the job, evaluations of the stress that equipment would place upon the pipelines at issue, and a recommendation by the evaluator that Borror Logging be required to use an "air bridge" to mitigate the expected level of stress.  Sciabbarrassi then laid the foundation for an October 4, 2011, letter Columbia sent to Borror Logging. Based upon the August 12, 2011, evaluations, Columbia stated that it had no objection to Borror Logging crossing the Rights of Way as long as the company used an air bridge and abstained from skidding logs across the Rights of Way.  Sciabbarrassi testified that Columbia subsequently agreed to the use of "air tracks," which have the same effect of

2

mitigating the stress but are less expensive.  Sciabbarrassi testified that the air bridge/air track condition was necessary to prevent damage to the pipeline that could lead to an explosion causing serious bodily injury or death and a cutoff in service.

Thereafter, Sciabbarrassi testified that between January 2012 and March 2012, Columbia discovered that Borror Logging had been neglecting the maintenance of the air tracks, negating any relief of pressure on the pipelines.  In this regard, Sciabbarrassi laid the foundation for a number photographs evidence the lack of maintenance.  These photographs were admitted into evidence as Plaintiff's Exhibits Nos. 6A-6AM.  According to Sciabbarrassi, when he confronted Robert Borror in April 2012, he was told that Borror Logging had been advised not to comply with the air bridge/air track condition and that the company intended to log without taking those precautions.  Finally, Sciabbarrassi testified that since May 2012, the Fulls have denied Columbia access to the Rights of Way for any purpose, including maintenance of the pipelines.

The Court next called upon Robert Borror to present any testimony or evidence in defense of the motion.  Borror then testified that the data sheets offered by Columbia concerned property along the pipelines that is not owned by the Fulls.  In support of this testimony, Borror offered a West Virginia Division of Forestry document showing that Borror Logging only received permission to commence logging operations on the Full Property in March 2012.  This document was admitted into evidence as Defendant Borror Logging's Exhibit No. 1.

Whereupon, the Court issued a preliminary injunction against Borror Logging, after making the following conclusions of law.  First, the Court concluded that only Borror Logging had received adequate notice under Federal Rule 65(a)(1) of Civil Procedure for

the issuance of a preliminary injunction.

Second, the Court concluded that it had jurisdiction over the subject matter in this case pursuant to 28 U.S.C. §§ 1331 and 1332. Specifically, the Court found that it had diversity jurisdiction based upon the existence of complete diversity between the parties and that the object of the litigation should be valued above $75,000 for reasons articulated in ***Swango Homes, Inc. v. Columbia Gas Transmission Corp.***, 806 F.Supp. 180, 184 (S.D. Ohio 1992). In addition, the Court found that it had federal question jurisdiction to the extent that this action arises under the Natural Gas Pipeline Safety Act (the "PSA") and the regulations promulgated thereunder.

Third, the Court concluded that Columbia had satisfied the four elements articulated in ***Real Truth About Obama, Inc. v. Fed. Election Comm'n***, 575 F.3d 342, 346 (4th Cir. 2009). In particular, the Court found that: (1) Columbia has a great likelihood of success on the merits versus Borror Logging its refusal to comply with Columbia's air bridge/air track condition is "inconsistent" with Columbia's right to reasonably maintain their properly-buried pipelines as required by the PSA and its regulations; (2) there is a great likelihood of irreparable harm to Columbia in the absence of injunctive relief because failure to comply with Columbia's air bridge/air tack condition could damage the pipeline and lead to an explosion causing serious bodily injury or death; (3) the balance of equities weighs in favor of Columbia because Columbia has acted equitably by issuing a no objection letter to Borror Logging asking only that the logging company take reasonable precautions and the injunction requested will not prevent all logging by Borror, it will only require that should Borror wish to continue logging, it must take those precautions; and (4) the injunction is in the public interest because of the likelihood of an explosion causing serious bodily injury

or death and the likelihood that damage to the pipelines could cause a cutoff of natural gas services to the public.

Accordingly, the Court **ISSUED** a preliminary injunction enjoining Borror Logging from crossing the Rights of Way unless the company complies with Columbia's air track/air bridge condition and abstains from skidding any logs directly across the Rights of Way. However, the Court **DENIED** Columbia's request for a permanent injunction against Borror Logging, finding that potentially relevant facts are still at issue.

Whereupon, Columbia orally moved pursuant to Rule 65(b) for a 14-day temporary restraining order against the Fulls. Finding that the Rights of Way clearly granted Columbia the right of ingress and egress to the Full Property, the Court **GRANTED** Columbia's oral motion and **ISSUED** a temporary restraining order prohibiting the Fulls from denying Columbia ingress and egress to the Full Property. This temporary restraining order expires on **June 28, 2012**. In this regard, the Court **ORDERED** that a hearing be held on Columbia's Motion for a Preliminary and Permanent Injunction against the Fulls on **June 27, 2012, at 2:00 p.m., in Wheeling, West Virginia**.

As a final matter, the Court **ORDERED** Columbia to post a bond in the amount of $20,000 pursuant to Rule 65(c) to pay for the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. There being no further business, the Court adjourned the matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* defendants.

**DATED**: June 15, 2012.

JOHN PRESTON BAILEY  
UNITED STATES DISTRICT JUDGE